# Exhibit D

**ELECTRONICALLY FILED**
Superior Court of California,
County of Monterey
**04/17/2026 at 03:35:41 PM**
By: Christopher Hirt, Deputy Clerk

MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader, Bar No. 149638
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:    +1.213.612.2500
Fax:    +1.213.612.2501
david.schrader@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Kevin M. Papay, Bar No. 274161
Arianna Metheny, Bar No. 359571
600 Montgomery Street, Suite 2300
San Francisco, CA 94111-2725
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001
kevin.papay@morganlewis.com
arianna.metheny@morganlewis.com

Attorneys for Defendant
TESLA, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF MONTEREY

| | |
|---|---|
| BRIGID KENNEDY, AS ADMINISTRATOR OF THE ESTATE OF KEVIN COLUMB LYNCH, <br><br> Plaintiff, <br><br> vs. <br><br> TESLA INC.; AND DOES 1-75; ADRAIG LYNCH, DEIRDRE WASHBURN; KILLEEN TAPIA; MACOURNEEN BACA; VENETIA CHENAULT; AUDREY PFEIFFER; AND DOES 76-100, <br><br> Defendants | Case No. 25CV006697 <br><br> **DEFENDANT TESLA, INC.'S ANSWER TO COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Defendant Tesla, Inc. ("Tesla"), by and through its undersigned counsel, hereby answers the Complaint ("Complaint") filed by Brigid Kennedy, as Administrator of the Estate of Kevin Columb Lynch ("Plaintiff") as follows:

### GENERAL DENIAL

Tesla, in answer to the Complaint and, by virtue of the California Code of Civil Procedure section 431.30(d), hereby denies generally and specifically each and every allegation contained in the Plaintiff's Complaint and specifically denies that it caused or contributed to any alleged damages. Tesla further denies generally and specifically that Plaintiff is entitled to any relief requested in the Complaint or to an award of costs or any other recovery by reason of any action, conduct, and/or omission by Tesla.

### AFFIRMATIVE DEFENSES

Further answering the Complaint, and without admitting liability or that jurisdiction is proper, Tesla sets forth below its affirmative defenses. Each defense is a separate and distinct defense, and each is asserted as to all applicable causes of action set forth in the Complaint against Tesla.

### FIRST AFFIRMATIVE DEFENSE

#### (Comparative Negligence)

1. Tesla is informed and believes and thereon alleges that the Complaint, and each and every purported cause of action stated therein, is barred or discounted because Plaintiff and/or decedent Kevin Columb Lynch ("Decedent") and/or others whose conduct is imputable to Plaintiff and/or Decedent, were partially, if not wholly, negligent or otherwise at fault and should be barred from recovery of that portion of damages directly attributed to Plaintiff's proportionate share of the negligence or fault, pursuant to the doctrine of comparative negligence.

### SECOND AFFIRMATIVE DEFENSE

#### (Lack of Causation)

2. Tesla is informed and believes and thereon alleges that Plaintiff's and/or Decedent's injuries and/or damages, if any, were not proximately or legally caused by any act or omission of Tesla. Even if Plaintiff and/or Decedent suffered injuries, losses, or damage, then

such injuries, losses, or damages were caused solely by the actionable conduct of persons or entities other than Tesla, and not by any act or omission for which Tesla may be held legally or equitably responsible.

### THIRD AFFIRMATIVE DEFENSE

**(Assumption of Risk)**

3.    Tesla is informed and believes and thereon alleges that Plaintiff, Decedent, and/or others whose conduct is imputable to Plaintiff, at the time and place alleged in the Complaint, knowingly and voluntarily placed themselves in an unsafe and dangerous position and therefore assumed all of the resulting risks of injuries.

### FOURTH AFFIRMATIVE DEFENSE

**(Third Party Liability)**

4.    Tesla is informed and believes and thereon alleges that the damages which Plaintiff alleges, if any, were either wholly or partially caused or contributed to by persons or entities other than Tesla, either named or unnamed, and Tesla is entitled to an apportionment among all such parties according to their responsibilities for such injuries and damages, if any, sustained by Plaintiff and/or Decedent.

### FIFTH AFFIRMATIVE DEFENSE

**(Joint and Several Liability – "Fair Responsibility Act")**

5.    Tesla is informed and believes and thereon alleges that Tesla's liability, if any, is limited pursuant to Cal. Civil Code section 1431, *et seq.*, and any damages awarded to Plaintiff against Tesla should be accordingly reduced.

### SIXTH AFFIRMATIVE DEFENSE

**(Superseding/Intervening Acts)**

6.    Tesla is informed and believes and thereon alleges that any injuries or damages allegedly sustained by Plaintiff and/or Decedent, if any, were directly and proximately caused by intervening and superseding acts of third parties, whether named or unnamed, for which Tesla is not responsible.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

**SEVENTH AFFIRMATIVE DEFENSE**

**(State of the Art)**

7.      Tesla is informed and believes and thereon alleges that when the subject vehicle was originally designed, it comported with the state of the art.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Abuse/Alteration/Modification)**

8.      Tesla is informed and believes and thereon alleges that the subject vehicle was abused, altered, and/or modified after being placed into the stream of commerce in a manner which was not reasonably foreseeable to Tesla, and that abuse, alteration, and/or modification reasonably caused or contributed to the circumstances surrounding the alleged incident and to the injuries, loss, and damages, if any.

**NINTH AFFIRMATIVE DEFENSE**

**(Unintended or Unauthorized Use of Product)**

9.      Tesla is informed and believes and thereon alleges that the subject vehicle was not being used in a manner and for the purpose for which it was intended, and that the subject vehicle was subject to unintended or unauthorized use.  Plaintiff's and/or Decedent's injuries and/or damages, if any, were proximately or legally caused by the unintended or unauthorized use of the subject vehicle.  The unintended or unauthorized use of the subject vehicle caused or contributed, in whole or in part, to the loss, damage, injury, or detriment, if any, alleged in the Complaint. Plaintiff and/or Decedent knew, or should have known, that the subject vehicle was not used in a proper manner and that such use could cause damage.  Therefore, any damages recoverable by Plaintiff must be reduced in proportion to the amount of fault attributable to such unintended or unauthorized use.

**TENTH AFFIRMATIVE DEFENSE**

**(Misuse of Product / Improper Maintenance)**

10.      Tesla is informed and believes and thereon alleges that the subject vehicle was misused or not properly maintained.  That misuse or improper maintenance reasonably caused or

contributed to the circumstances surrounding the alleged incident and to the injuries, loss, and damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Duty to Warn)

11. Any duty on the part of Tesla to warn Plaintiff, Decedent and/or others of the risks and dangers of utilizing the product in question, if any such duty existed, was satisfied through the information and warnings provided with the product, and/or the warnings provided to Tesla's sophisticated customers. Accordingly, Tesla is discharged of its duty to warn of the risk of utilizing the subject product, if any such duty existed, by so advising other persons.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Additional and Alternate Warnings)

12. Tesla is informed and believes and thereon alleges that no additional or alternate warnings would have, or could have, prevented the alleged incident and the injuries, loss, and damages, if any, alleged by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Open and Obvious)

13. Any risks of use of the product referred to in Plaintiff's Complaint were open and obvious. The law imposes no legal duty to warn of obvious risks and Tesla is not liable to Plaintiff for any injuries or damages claimed in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reasonably Safe Design)

14. Tesla contends that the subject product has a reasonably safe design as measured by the appropriate test under the applicable state law.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Set-Off)

15. Tesla contends that it is entitled to a set-off for all settlements and compensation that the Plaintiff have received, or may receive, as a result of their alleged injuries.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Preserve Evidence)

16.     Tesla is informed and believes and thereon alleges that Plaintiff's claims are barred in whole or in part because Plaintiff and/or her representatives knew of the existence or likelihood of litigation and failed to preserve crucial evidence.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Preemption/Primary Jurisdiction)

17.     Tesla is informed and believes and thereon alleges that the Complaint, and each and every cause of action therein asserted against Tesla, are barred, in whole or in part, by the doctrines of preemption and primary jurisdiction.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Compliance with Laws, Regulations, and Safety Standards)

18.     Tesla is informed and believes and thereon alleges that Plaintiff is barred from maintaining a product liability action because the subject vehicle met or exceeded any and all applicable laws, regulations, and safety standards, including the Federal Motor Vehicle Safety Standards and the National Fire Protection Association's NFPA 556, and met industry custom and practice at the time it was designed and manufactured.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Duty Owed)

19.     Tesla is informed and believes and thereon alleges that Plaintiff is barred from recovery because Tesla owed no duty of care to Plaintiff and/or Decedent in connection with the incident described in Plaintiff's Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Omission of Material Fact)

20.     Tesla is informed and believes and thereon alleges that it did not make any omissions of material fact, and even if it did, it did so without intent or knowledge.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

DEFENDANT TESLA, INC.'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Privity)

21.     Tesla is informed and believes and thereon alleges that some or all of Plaintiff's claims against Tesla fail because there is a lack of privity between Tesla and Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Reliance)

22.     Tesla is informed and believes and thereon alleges that Plaintiff and/or Decedent did not reasonably rely on any representations or omissions, if any, made by Tesla.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Damages from Alleged Omissions)

23.     Tesla is informed and believes and thereon alleges that Plaintiff and/or Decedent is not damaged by any representations or omissions, if any, made by Tesla.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Unconstitutionality of Punitive Damages)

24.     Tesla alleges that since there are no specific factual allegations to support a claim for punitive damages against Tesla in Plaintiff's Complaint and Prayer, the imposition of any punitive damages in this case would deprive Tesla of its property without due process of law under the California State Constitution and the United States Constitution.  Further, the imposition of punitive damages in this case would violate Tesla's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, section 17 of the California State Constitution.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Statutory Defenses)

25.     As a separate and additional defense, Tesla claims the benefit of all defenses and presumptions set forth in or arising from any rule of law or statute of the State of California or any rule of law, statute, or ordinance of any other applicable jurisdiction.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

DEFENDANT TESLA, INC.'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Affirmative Defenses)

26.     As a separate and additional defense, Tesla presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unknown, affirmative defenses.  Tesla reserves herein the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

## RESERVATION OF RIGHTS

Tesla reserves the right to amend this Answer and assert additional defenses as may become available.

## PRAYER FOR RELIEF

WHEREFORE, Tesla respectfully requests:

1.     That Plaintiff take nothing against Tesla;

2.     That judgment be entered in favor of Tesla and against Plaintiff;

3.     That Tesla be awarded the costs of suit herein incurred; and

4.     That the Court award Tesla such other and further relief as the Court may deem just and proper.


Dated: April 17, 2026                               **MORGAN, LEWIS & BOCKIUS LLP**


By _____
     David L. Schrader
     Kevin M. Papay
     Arianna Metheny

     Attorneys for Defendant
     TESLA, INC.

DEFENDANT TESLA, INC.'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

## **DEMAND FOR JURY TRIAL**

Defendant Tesla, Inc. hereby demands a jury trial in this matter.

Dated: April 17, 2026

**MORGAN, LEWIS & BOCKIUS LLP**

By _____
David L. Schrader
Kevin M. Papay
Arianna Metheny

Attorneys for Defendant
TESLA, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

**PROOF OF SERVICE**

I, Eveline Schmid, declare:

I am a citizen of the United States and employed in Santa Clara, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1400 Page Mill Road, Palo Alto, CA 94304. On April 17, 2026, I served a copy of the within documents:

**DEFENDANT TESLA, INC.'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

☒ **VIA U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Palo Alto, California addressed as set forth below.

☒ **VIA EMAIL:** by transmitting via e-mail or electronic transmission (Secure File Transfer) the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Michael A. Kahn, Esq.
Jeffrey D. Garfinkel, Esq.
**THE LAW OFFICES OF MICHAEL A. KAHN**
10990 Wilshire Blvd., Suite 1040
Los Angeles, CA 90024
Tel: 310.209.1600
eservice@michaelkahnlaw.com

*Attorneys for Plaintiff*
*BRIGID KENNEDY, AS ADMINISTRATOR OF THE ESTATE OF KEVIN COLUMB LYNCH*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 17, 2026, at Palo Alto, California.

_____
Eveline Schmid

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

PROOF OF SERVICE